UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
                                                                  :
DR. GERAL FINKEL, as Chairman of the Joint                        :
Board of the Electrical Industry,                                 :
                                                                  :      **MEMORANDUM**
                         Plaintiffs                               :      **DECISION AND ORDER**
                                                                  :
         -against-                                                :      12 Civ. 6394 (BMC)
                                                                  :
BOBTEK ELECTRICAL CORPORATION,                                    :
                                                                  :
                         Defendant.                               :
                                                                  :
----------------------------------------------------------------- X

**COGAN**, District Judge.

Before me is plaintiff's motion for a default judgment. For the reasons set forth below, the motion is granted.

## BACKGROUND

Plaintiff has brought this action seeking to collect unpaid pension and other contributions owed pursuant to union-sponsored benefit plans. Defendant has defaulted by failing to answer the complaint, and the Clerk has entered a default against defendant under Fed. R. Civ. P. 55(a). The following facts are therefore taken from the allegations in the complaint, which are deemed admitted as to liability, and plaintiff's motion for a default judgment to the extent they are supported by evidence that plaintiff has submitted. Defendant has not opposed the motion for default judgment.

Plaintiff is the Chairman of the Joint Industry Board of the Electrical Industry (the "Board"). The Board is the administrator and fiduciary, as defined under 29 U.S.C. § 1002(16)(A)(i) and 1002(21)(A), of a number of employee benefit plans (the "Plans") established by collective bargaining agreements between Local Union No. 3 of the International

Brotherhood of Electrical Workers, AFL-CIO (the "Union"), and employers in the electrical and related industries, which employers operate collectively as members of the Association of Electrical Contractors, Inc. ("AEC"). Defendant is a member of the AEC.

However, before it became a member of the AEC, defendant separately agreed to be bound to the terms of a different CBA that the AEC and another organization, the New York Association of Electrical Contractors, Inc. ("NYAEC"), entered into with the Union. That agreement covered the period of May 10, 2007 through May 13, 2007.

By entering into the AEC, an employer agrees to designate the AEC as its collective bargaining representative to reach agreements with the Union. The AEC, the two employer associations referred to above, and the Union have entered into serial CBAs, most recently covering the period May 12, 2010 through May 8, 2013. The various CBAs establish seven ERISA-qualified plans, and the CBAs require employer contributions to those plans. In addition to these ERISA plans, pursuant to the CBAs, the Board also collects union dues and benefit contributions on behalf of the Union for four non-ERISA plans. As is typical, the CBAs or the various plans require each employer to submit monthly payroll reports to the Board so that it can calculate the amount of contributions owed under the various plans.

Defendant was in default with regard to contributions it owed under the various plans as of the end of October, 2012, and it entered into a stipulation with the Board on October 25, 2012, acknowledging its unpaid obligations in the amount of $86,482.35. This stipulation required defendant to resolve its delinquent payments pursuant to terms set forth in the stipulation and to make its required contributions going forward. It breached the stipulation as to both requirements.

**DISCUSSION**

In light of defendant's default, all of the well-pleaded allegations in plaintiff's complaint pertaining to liability are deemed true. Based on the default, defendant is liable to plaintiff pursuant to ERISA, 29 U.S.C. §§1104, 1145 and the Labor Management Relations Act, 29 U.S.C. § 185(a). However, "[e]ven when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true." Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999). Rule 55(b)(2) provides that when granting a default judgment, a court may conduct a hearing if it is necessary to "determine the amount of damages" or to "establish the truth of any allegation by evidence." According to the Second Circuit, however, it is not necessary to conduct a hearing if a district court has "ensured that there was a basis for the damages specified in the default judgment," such as by relying on detailed affidavits and documentary evidence. Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) (internal quotation marks omitted).

In support of his motion for default judgment, plaintiff has submitted affidavits of the Board's general counsel and outside counsel. These affidavits annex all of the relevant CBAs, invoices, and detailed calculations for the amounts that plaintiff claims, as well as the defaulted stipulation. They also document the attorneys' fees that are being claimed and to which plaintiff is entitled under the terms of the Plan, the CBAs, or ERISA.

I find these submissions to be sufficient evidence to form the basis for an award of damages against defendant and in favor of plaintiff in the total amount of $576,702.82, plus $39.39 per diem in interest. This represents damages for the following categories:

(a) $143,446.80 in unpaid required contributions;

 (b) $58,800.85 as the unpaid balance due on the stipulation for the prior defaults;

 (c) $207,831.11 in deficiencies as reflected in an audit performed at the behest of the Board;

 (d) $62,123.69 in bounced checks that defendant had previously tendered;

 (e) $11,263.02 in unpaid interest that has come due; and

 (f) $4,169.37 in attorneys' fees and costs.

With regard to the claim for attorneys' fees, I find specifically that the amount claimed is reasonable, reflecting an appropriate amount of time at reasonable rates. This is a fairly complex collection case involving many plans, CBAs, a default stipulation spanning the earlier period, and somewhat intricate damage calculations. The calculations were concisely and artfully presented in a manner that facilitated the Court's understanding of plaintiff's claim.

## CONCLUSION

The motion for a default judgment is granted. Pursuant to Fed. R. Civ. P. 58, judgment will be entered in the amount of $576,702.82 plus $39.39 per diem interest from March 8, 2013.

**SO ORDERED.**

                   U.S.D.J.

Dated: Brooklyn, New York
    March 30, 2013

4